# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TENNESSEE WALKING HORSE ) <br> BREEDERS' AND EXHIBITORS' ) <br> ASSOCIATION, ) <br> ) <br> Defendant. | Case No. 1:16-cv-0044 <br> Judge Sharp |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Tennessee Walking Horse Breeders' and Exhibitors' Association's ("TWHBEA") Motion for Reimbursement. (Docket No. 30). Plaintiff United States of America ("United States") filed a Response. (Docket No. 36). For the following reasons, the Court will grant Defendant TWHBEA's Motion for Reimbursement subject to the following changes.

## BACKGROUND

TWHBEA is a non-profit corporation that "maintains a private registry system for Tennessee Walking Horses that contains information such as a horse's registration records, ownership information, leasing records, and records reflecting the transfer of ownership of title." (Docket No. 6 at 2). Much of this information is maintained in a digital system called iPeds (Internet Pedigree System).

The Animal and Plant Health Inspection Service ("APHIS") is part of the United States Department of Agriculture and "maintains an active inspection and enforcement presence at the Tennessee Walking Horse shows to detect 'soring[.]'" (Docket No. 36 at 1). Soring is "a

1

practice of deliberately injuring horses to alter their gait that violates the Horse Protection Act[.]" (Id.). When the APHIS initiated an investigation concerning horses that had been deemed "sore," it issued eight subpoenas to TWHBEA, requesting certain information for over 200 horses, such as the ownership history and iPeds horse information. (Docket No. 36 at 3; Docket No. 30 at 2). These subpoenas were issued between September 2015 and February 2016. (Docket No. 1 at 6-10).

Between February 2016 and November 2016, the parties argued about TWHBEA's lack of compliance with the eight subpoenas, as TWHBEA requested fees for the cost of compliance. Seemingly in an effort to assist TWHBEA with the cost of compliance, the United States informed TWHBEA that it would be willing to accept only the information available on the iPeds database—the iPeds horse information and owner history. (Docket No. 36 at 3).

On November 8, 2016, the Court granted the United States' Petition to Enforce Eight Administrative Subpoenas and allowed the TWHBEA the ability "to make application for reimbursement of the costs of compliance once compliance is complete." (Docket No. 27). A deadline for TWHBEA to comply with the subpoenas was set for December 19, 2016. (Docket No. 29). A box of information complying with the subpoenas was received by the United States on December 20, 2016. (Docket No. 36-3 at 1). Subsequently, TWHBEA filed the currently pending Motion for Reimbursement of the costs associated with this, in the amount of $8,926.31. (Docket No. 30 at 3).

**ANALYSIS**

Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas in the discovery process. It states that a court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance" with a subpoena. Fed. R.

2

Civ. P. 45(d)(2)(B)(ii).  Although the United States argues that Rule 45 of the Federal Rules of Civil Procedure does not apply to administrative subpoenas, the 1991 amendments make clear that subpoenas issued by administrative agencies are encompassed in the Rule:

> Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions. . . . In CAB v. Hermann, 353 U.S. 322 (1957), the Court approved as established practice the issuance of *administrative* subpoenas as a matter of absolute agency right.  And in NLRB v. Warren Co., 350 U.S. 107 (1955), the Court held that the lower court had no discretion to withhold sanctions against a contemnor who violated such subpoenas.  The 1948 revision of Rule 45 put the attorney in a position similar to that of the administrative agency, as a public officer entitled to use the court's contempt power to investigate facts in dispute.

Fed. R. Civ. P. 45 note (1991) (emphasis added).

The United States also argues that TWHBEA is not a nonparty to the litigation, and therefore Rule 45(d)(2)(B)(ii) does not apply.  (Docket No. 36 at 6).  However, because the targets of the underlying investigation were the horses' owners, and the United States has not alleged that TWHBEA itself committed any wrongdoing in regards to the "soring" of horses, the Court finds TWHBEA to be a nonparty, and thus Rule 45(d)(2)(B)(ii) is applicable.

Consequently, the Court has the power to require reimbursement of TWHBEA's costs to comply with the subpoena, given that there were eight different subpoenas requesting information for over 200 horses.  However, the Court finds the hourly rate of $100 for TWHBEA's employees too high.  The Court will order that the United States reimburse TWHBEA for the costs of compliance at an hourly rate of $50, which is equitable in light of the repeated attempts of the United States to confer with TWHBEA to narrow down the scope of the subpoenas and lessen the workload imposed upon TWHBEA.  Furthermore, the Court will not require reimbursement for the extra costs associated with tasks the United States did not require, such as the "file backers" and "copy paper."  (Docket No. 35).  Adding the hours worked by the

3

supervisor to the hours worked by the two employees, the Court concludes that it took 88.25 hours to comply with the subpoenas. (Id.). At $50 per hour, this amounts to $4,412.50 awarded to TWHBEA in reimbursement costs.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Reimbursement is GRANTED in the amount of $4,412.50.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

4

Case 1:16-cv-00044   Document 40   Filed 04/04/17   Page 4 of 4 PageID #: 840